*1835.*

*Kane*
*v.*
*Van Vranken.*

---

### KANE *vs.* VAN VRANKEN and wife.

Although, where the answer is served on the agent of the complainant's solicitor, double the usual time must elapse before such answer will be deemed sufficient, yet the replication must be filed within ten days after the answer is considered as perfect, in the same manner as if such service had been on the solicitor in person.

Where the solicitor of a party makes a useless application to the court to correct a mere technical irregularity, which cannot injure or materially delay his client, he will not be allowed the costs of such application, as against the adverse party. Neither will he be allowed the costs of opposing a motion by the adverse party to correct an irregularity, which motion is rendered necessary by reason of his refusal, upon a proper application, to waive the irregularity.

The solicitor himself is personally liable for the costs of correcting an irregular proceeding, occasioned by his negligence or gross ignorance, which is prejudicial to the rights of the adverse party ; and if the costs are charged upon the client in the first instance, he may recover them in an action against his solicitor.

*March 3.* THE question in this case arose as to the regularity of the service of the replication to the defendants' answer. The answer was served on the agent of the complainant's solicitor, and was not excepted to. The replication was served more than fifty days after the service of the answer, but within sixty days.

*J. V. L. Pruyn,* for the complainant, insisted that as the answer was served on the agent of the complainant's solicitor, he had twenty days after the time for excepting had expired to file and serve the replication.

*S. Stevens*, for the defendants, contended that the replication must be filed within ten days after the answer was deemed to be sufficient, according to the rules and practice of the court, without reference to the question whether the answer itself was served personally, or on the agent.

THE CHANCELLOR. The 50th rule of this court, and several of the succeeding rules, have declared within what time, in reference to some previous proceeding in the cause, the answer of a defendant shall be deemed to be a sufficient and perfect answer to the complainant's bill. In all of those cases, if the time within which the answer is to be deemed sufficient, has reference to the service of any paper or notice in the cause, such time, according to the 15th rule, will be double, when such paper, or notice, is served on an agent. But the 65th rule requires the complainant to reply to the defendant's answer within ten days after the answer is deemed to be sufficient; without any reference to the previous proceedings, except so far as is necessary to ascertain when the answer became a sufficient and perfect answer to the complainant's bill. The replication must therefore be put in within ten days after the answer is deemed sufficient; and without reference to the manner in which the answer was served.

As this is evidently a slip of the complainant's solicitor, it would have been a matter of course to permit a replication to be served at this time, if there had been an affidavit of the complainant that he knew, or had reason to believe the answer was false or erroneous as to any material fact. The motion must be denied with costs, unless the complainant files and serves upon the defendants' solicitor, such an affidavit, within twenty days after the entry of the order upon this decision. But if such affidavit is filed and served within that time, with a copy of the replication, the replication is to be deemed good from the time of such new service; and the defendants' costs, subsequent to the time when the answer was deemed sufficient, including the costs of this application, are in that case to abide the event of the suit, and to be paid to the defendants, if they succeed in their defence. It is the in-

1835.

Kane
v.
Van Vranken.

tention of the court for the future, to discourage all useless litigation, on account of mere technical irregularities in practice, which do not materially injure or delay the adverse party, by refusing costs to the party who makes a useless application to the court to correct such an irregularity ; or whose refusal to waive the irregularity, upon a proper application to him for that purpose, renders such an appeal to the court necessary. These remarks, however, are not to be considered as applicable to the solicitor of the defendants, in the present case, as it is understood that his clients have put in an answer, in which they state that the whole amount of the mortgage money, for the recovery of which this suit is brought, has been fully paid ; and no application was made to their solicitor to waive the irregularity in filing the replication. The defendants are therefore entitled to the costs of setting down the cause upon bill and answer, and of opposing this motion, unless it shall be found hereafter that their answer is incorrect, in point of fact. Neither is it intended, by the adoption of this principle of disallowing useless costs, for the future, to sanction or encourage irregularities, arising from the negligence or gross ignorance of the solicitor, and which are prejudicial to the rights of the adverse party. In all such cases the costs of the irregularity ought, in justice to the client, to be charged upon the solicitor himself in the first instance. And if they are paid by the client, he may recover them of his solicitor, in an action on the case.