May Term, 1853.

LOVELAND
v.
JONES.

----

## LOVELAND and Another *v.* JONES.

An attorney was made a party to a motion to set aside an execution. Upon service of notice, he appeared to the motion, without objection, and submitted to a judgment for costs, without excepting to the same. *Held,* on error, that the judgment must be presumed to be right.

It is competent for a Court, where an attorney has improperly caused an execution to be issued, to tax him with the costs of a motion to set it aside.

Tuesday, May 31.

ERROR to the *Miami* Circuit Court.

PERKINS J.—Motion to set aside an execution.

The record in the cause shows a judgment in the

*Miami* Circuit Court in favor of *Horatio H. Hall* against *John N. Jones*, rendered in a suit in which *Loveland* and *Ross* were attorneys for the plaintiff.' It further shows a motion to set aside an execution said to have been issued on said judgment, and also a cross motion for leave to amend said execution. It shows that the latter motion was denied, and the former granted. It appears that separate notices of the motion to set aside said execution were served on *Hall*, the plaintiff in the judgment, and on *Loveland* and *Ross*, his attorneys, and that the Court rendered separate judgments on said notices, one against said *Hall*, and one against said *Loveland* and *Ross*, each being for the costs of the motion setting aside the execution. There is no bill of exceptions in the case, and we are, consequently, not advised as to the reasons governing the action of the Court below. *Loveland* and *Ross* bring the case to this Court, and complain of the judgment for costs against them.

The record shows that *Hall* appeared in person, in answer to the notice of the motion served on him; and that subsequently *Loveland* and *Ross* appeared in person in answer to the notice of the motion to set aside above mentioned, served on them; that the motion was docketed against them personally, and submitted to and decided by the Court on its merits. No objection appears to have been made below by them to the proceedings, and they have brought a transcript of all of those proceedings here. Why there was a separate docketing of the motion against the attorneys—why those attorneys appeared to it without objecting or informing the Court upon the subject, &c., we know not.

The conduct of the attorneys may have been such, in the premises, as to justify the visiting of them with costs, and, in the absence of evidence to the contrary, we must so presume. And if their conduct did justify such visitation, it was in the power of the Court to inflict it upon them. *Kane* v. *Van Vranken*, 5 Paige 62.—*Powell* v. *Kane*, id. 260.

May Term, 1853.

LOVELAND
v.
JONES.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt*, for the plaintiff.

*A. A. Cole*, for the defendant.