This cause was, on the 31st of October,1876, by an order of this court, sitting in equity, certified to the general term, to be heard, in the first instance, on exceptions filed in that court to the report of the auditor, making a pro rata distribution of a fund realized from a sale under a deed of trust executed to secure seven promissory notes, made by the defendant Brown, each for $2,000, and payable with interest from the 1st of February, 1868.
Two of these notes are owned and held by William Volens; two others, falling due later, are owned and held by James E. Morgan; one other owned by assignees of George Mat-tingly, and the remaining one is owned by a holder, name unknown.
The amount realized from the sale, made June 12,1874, under the deed, was a sum insufficient to pay all of said notes in full. It is sought by Volens, holder of the two notes first *76 falling due, to appropriate said sum, or as much thereof as may be sufficient, to the payment in full of the notes by him held, and to postpone to his own the payment of the other notes, held by various parties and subsequently falling due. On the contrary, it is contended by the other holders of said notes that a distribution of the proceeds of sale should be made among all the holders of the notes pro rata, without regard to the order in which they matured; and such was the report of the auditor, which in that respect is excepted to.
T. T. Crittenden, for Volens,
cited 3 Leading Cases in Equity, 646-7; State Bank v. Tweedy, 8 Blackf., 447; Stanley v. Beatty, 4 Ind., 184; U. S. Bank v. Covert, 13 Ohio, 240.
The trust deed recites a debt of $14,000, for which the seven promissory notes were passed; that the deed is to secure the payment of these notes according to their true intent and meaning; that the grantor is to retain possession of the premises until default be made in the payment of all said notes, or any of them; that upon default being made in the payment of said notes, or any of them, sale may be made and the trustee shall pay whatever may then remain unpaid of said notes, and the interest thereon, whether the same shall be due or not.
The question is in regard to the time of payment of the notes, and the court were all of opinion that this must be controlled and determined by the provisions of the deed of trust executed to secure them. The notes were all given for the same debt, and the deed provides that upon default and sale the notes, although payable on their face at different times, mature together, whether due by their .terms or not, the evident intention being that they were to be paid off at the same time and out of the same fund, by virtue of the provisions of the deed. So that, irrespective of the authorities where the point raised is not a matter of contract, it is clear from the deed itself in this case that a pro rata distribution of the proceeds of the sale among the holders of the notes was contemplated by the parties. The report of the auditor must be affirmed and the exception thereto overruled.
William W. Boarman and N. F. Cleary, for James E. Morgan, and Edwards & Barnard, for Mattingly,
cited Noyes v. Clark, 7 Paige, 179; Crane v. Ward, Clarke Ch. R., (N. Y.,) 400; Donley v. McKean, 17 Serg. & Rawle, 400; Hancock’s Appeal, 34 Penn. St., 155; 22 Id., 45; Keyes v. Flood, 21 Vt., 331, 550.