**James F. MOGAN and Shirley Mogan, Appellants,**

v.

**SOUTHERN INDIANA BANK AND TRUST COMPANY, Appellee.**

**No. 1–584A122.**

Court of Appeals of Indiana, First District.

Jan. 24, 1985.

David O. Kelley, Boonville, for appellants.

Marilyn R. Ratliff, Kahn, Dees, Donovan & Kahn, Evansville, for appellee.

### STATEMENT OF THE CASE

NEAL, Judge.

Defendant-appellants, James F. and Shirley Mogan (Mogans), appeal from the Warrick Superior Court's grant of summary judgment in favor of the plaintiff-appellee, Southern Indiana Bank and Trust Company (Bank), in its action to foreclose on Mogan's mortgage.

We affirm.

### STATEMENT OF THE FACTS

According to the pleadings and affidavits filed in this matter, in July of 1980, Mogans purchased a new home in Newburgh, Indi-ana from Sudamar, Inc. At this time the Mogans owned another home in Evansville, which was subject to a mortgage in favor of Bank. The Mogans' equity in this home was to be the down payment on the Newburgh home.

On or about July 21, 1980, the closing on the Mogans' purchase of the Newburgh house occurred and Mogans executed the following documents:

1. A warranty deed to Sudamar, Inc. for the Evansville house.
2. A note to Bank.
3. A mortgage to Bank.

The note and mortgage executed by the Mogans to Bank were printed forms and, assuming the statements in the Mogan affidavit to be true, the blanks on these printed forms were not filled in at the time of the execution by the Mogans. The printed forms provided for regular monthly payments upon the note to Bank and for acceleration of the entire balance upon any default by the Mogans in the obligation to make regular monthly payments. The mortgage form gave Mogans the absolute right, up to the time of entry of any foreclosure judgment, to bring all payments current and have the foreclosure proceeding dismissed.

At the closing, Mogans received a deed to the Newburgh house from Sudamar, Inc. and Bank made disbursements of funds totaling $105,000.00 for the benefit of Mogans and for the purchase of the Newburgh house. Sudamar paid all closing costs upon the purchase of the Newburgh house and, in addition paid $21,776.01 to Bank to be applied to the mortgage held by Bank upon the Evansville house conveyed to Sudamar by Mogans.

At or before this closing, an officer of Bank represented to the Mogans the monthly payment upon the note and mortgage, an amount not filled in when the document was executed by the Mogans would not exceed $1,000.00 per month and, at or immediately after the closing, the Bank officer advised the Mogans the regular monthly payment would be $999.94.

Mogan began making regular monthly payments in the sum of $999.94 on October 3, 1980 and payments in this amount were accepted by Bank. Monthly payments in this amount were made by the Mogans and accepted by Bank, more or less regularly, until late 1982. On December 1, 1982 the Mogans were two payments behind. Between this time and October 3, 1983, when the foreclosure action was filed, Mogans made only seven of the ten payments due, in the sum of $999.94 each. At the time the foreclosure judgment was entered, the Mogans were six monthly payments in arrears. In addition, Mogan failed to pay real estate taxes upon the Newburgh house, as required in the printed form mortgage and Bank paid $2,700.00 in real estate taxes on the Newburgh house, as authorized by the terms of the printed mortgage form, which amount was added to the principal balance due under the note and mortgage.

The sole issue raised by the Mogans is whether the trial court erred in granting the Bank's Motion for Summary Judgment.

## DISCUSSION AND DECISION

█ Summary judgment is appropriate only where there is no genuine issue as to any material fact; any doubt in this regard must be resolved in favor of the nonmovant. *Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.*, (1984) Ind.App., 458 N.E.2d 291. However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute regarding a fact which is dispositive of the matter. *Sink & Edwards, supra.*

█ Here, Mogans argue they were induced into signing blank mortgage forms by an officer of Bank, who represented to them their monthly payments would be less than $1,000.00. When the final computations had been made and the blanks were filled in, Mogans' monthly payments came to $1000.65. Mogans claim as their defense this discrepancy made the mortgage arrangement void because their signatures were obtained under fraud and duress.

They argue a material question of fact was presented as to whether the parties agreed on the terms of the mortgage. We disagree.

We emphasize that Mogans, even after reading the completed mortgage forms, took possession of the property and tendered monthly payments in the amount of $999.94; the amount they had been quoted by the bank. The Bank accepted these payments and did not move to foreclose on the $.71 per month discrepancy. Both parties acted in such a way as to infer that a mortgage existed and the Mogans admitted they owned, or believed they owned, the property which was the subject of the disputed mortgage.

A dispute as to the exact dollar amount owed each month does not change the dispositive fact that Mogans missed a minimum of five monthly payments and Bank had a right to foreclose. *Cf. Abex Corporation v. Vehling*, (1983) Ind.App., 443 N.E.2d 1248. The disputed fact in this case is not a material fact and does not bar summary judgment. *See Havert v. Caldwell*, (1983) Ind., 452 N.E.2d 154. Even if a full trial had been conducted and the court had determined Mogans were obligated to pay only $999.94 per month, they still defaulted on the mortgage, and foreclosure would still be proper.

█ Mogans' argument that the trial court was bound to particularly state its reasons for granting summary judgment is meritless. Without reciting the entire judgment of the trial court, we find it to be sufficient absent a finding of the specific monthly amount owed by the Mogans. The trial court found Mogans in default for the unpaid total balance owed on the property together with interest accrued and various other expenses owed by Mogans and paid by Bank. Our review was in no way hampered by the contents of the trial court's ruling and therefore, it may stand as written. *See Shortridge v. Platis*, (1984) Ind. App., 458 N.E.2d 301.

For the above stated reasons, this cause is affirmed.

Judgment affirmed.

ROBERTSON, J., and HOFFMAN, J. (sitting by designation), concur.