Jay L. POOLE, Appellant
(Plaintiff Below),

v.

Stephen D. CLASE, Appellee
(Defendant Below),

and

Vickie Land, Cross-Appellant,
(Defendant Below).

No. 485S156.

Supreme Court of Indiana.

April 19, 1985.

Rehearing Denied May 6, 1985.

Michael K. Sutherlin, Indianapolis, for appellant.

Richard E. Aikman, Jr., Donn H. Wray, Stewart Irwin Gilliom Fuller & Meyer, Indianapolis, for appellee and cross-appellant.

Stephen E. Schrumpf, City-County Legal Div., Indianapolis, for amicus curiae.

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the Second District Court of Appeals by Defendant-Appellee Stephen D. Clase and Defendant-Cross-Appellant Vickie Land. Plaintiff-Appellant Jay L. Poole appealed from a dismissal of his claim against Defendant-Appellee Clase alleging the trial court improperly decided "new" questions of law involving Indiana's Tort Claims Act, Ind.Code §§ 34–4–16.5–1—34–4–16.5–19 (Burns Supp.1984), and the Doctrine of Judicial Immunity. Defendant-Cross-Appellant Land cross-appealed from the trial court order granting Poole's motion to correct errors and reinstating Poole's claim against Land. The Court of Appeals reversed the trial court in its dismissal of Poole's action against Clase and affirmed the trial court in its reinstatement of Poole's claim against Land. *Poole v. Clase*, (1983) Ind.App., 455 N.E.2d 953, *reh. denied.*

The facts show that Poole, age 17, received a traffic citation for speeding and was to appear on May 18, 1978, in the town court of Edgewood, Indiana, where Clase served as both Judge and Clerk pursuant to statute. We note that no challenge is made to Clase's authority to so act as both Judge and Clerk. Poole did not appear before Clase on the assigned date because he misplaced his ticket. Consequently, on May 26, Clase issued a warrant for the arrest of Poole. When Poole later found the traffic citation and paid his fine on July 6, 1978, Clase stated that the warrant would be recalled and that the matter was closed. However, the warrant was not recalled and Poole was arrested, transported to the Madison County Jail and detained in a general holding cell on July 13, 1978. While incarcerated, Poole was attacked by inmates who stripped and assaulted him and attempted to sodomize him.

Poole filed a complaint for damages against Clase both individually and in his official capacity as Judge and Clerk of the Town Court of Edgewood and against Land both individually and in her official capacity as an assistant to said Town Court Clerk. Poole alleged in said complaint that Clase and Land negligently failed to recall the warrant and that, as a direct and proximate result of such negligence, he was wrongfully arrested, detained and attacked. In response to Poole's complaint, Clase and Land filed a motion to dismiss under Ind.R.Tr.P. 12(B)(6) claiming that Poole had failed to comply with the notice requirements of the Tort Claims Act, Ind. Code § 34–4–16.5–7 [political subdivisions provision], and that they both were protected by the Doctrines of Judicial Immunity and Quasi-Judicial Immunity. Poole now raises the following two issues:

1. whether Poole's claims are barred by the notice provision of the Tort Claims Act; and

2. whether the Court of Appeals properly interpreted the Doctrine of Judicial Immunity in regard to Clase and the Doctrine of Quasi-Judicial Immunity in regard to Land.

Since resolution of Issue I will dispose of this cause, we will not consider Issue II.

## I

Ind.Code § 34–4–16.5–7 provides that a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within 180 days after the loss occurs. Ind. Code § 34–4–16.5–5, entitled "Immunity of Public Employees," provides as follows (emphasis added):

"(a) A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement.

(b) Subject to the provisions of IC 34–4–16.5–4, IC 34–4–16.5–13, IC 34–4–16.5–14, and IC 34–4–16.5–15, *the governmental entity shall pay any judgment, compromise, or settlement of a claim or suit against an employee when the act or omission causing the loss is within the scope of his employment, regardless of whether the employee can or cannot be held personally liable for the loss* and when the governor, in the case of a claim or suit against a state employee, or the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision, determines that paying the judgment, compromise, or settlement is in the best interest of the governmental entity.

(c) *The governmental entity shall provide counsel for and pay all costs and fees incurred by or on behalf of an employee in defense of a claim or suit for a loss occurring because of acts or omissions within the scope of his employment, regardless of whether the employee can or cannot be held personally liable for the loss.*

(d) Nothing contained in this chapter shall be construed as a waiver of the eleventh amendment to the Constitution of the United States, as consent by the state of Indiana or its employees to be sued in any federal court, or as consent to be sued in any state court beyond the boundaries of the state of Indiana."

Poole did not give the Town of Edgewood any notice pursuant to Ind.Code § 34–4–16.5–7. Moreover, Poole did not name the town as a defendant but sued only employees Clase and Land directly. It is Poole's contention and the holding of the Court of Appeals that pursuant to the above cited code sections, notice to a political subdivision within 180 days is not required when suing employees of the political subdivision only and when the political subdivision is not named as a party defendant. We disagree because this interpretation does not comport with the intention of the Legislature.

In *Burks v. Bolerjack,* (1981) Ind., 427 N.E.2d 887, this Court had occasion to interpret sub-section (a) of Ind.Code § 34–4–16.5–5. Willie Burks was a jail guard who had been prosecuted and found innocent of conspiracy for allegedly aiding in a jailbreak. He thereafter sued Sheriff Bolerjack and St. Joseph County for malicious prosecution and false imprisonment. The trial court determined that Burks had not given the County notice pursuant to § 34–4–16.5–7 and dismissed the action against the County. This Court found on transfer from the Court of Appeals that the effect of Ind.Code § 34–4–16.5–5(a) was that if a government employee's conduct gives rise to a claim in tort against the employing governmental entity, then any judgment rendered with respect to the governmental entity or any settlement by it bars an action against the employee. We specifically found that the dismissal of Burks' suit against St. Joseph County was a final and appealable judgment which left nothing for resolution between the parties and Burks therefore could not maintain his action against Bolerjack. We further found that the precise issue presented in the instant cause—whether notice to the appropriate governmental entity is required when suit is brought against the governmental employee only—was not before us in *Burks.* Although the Court of Appeals made this same finding, Judge Garrard expressed the

following as *dicta* in his opinion for the majority:

"Finally, we note that while the plain language of section 5(a) could be applied to bar a claim against a governmental employee individually where a judgment had been entered in favor of the political subdivision on the grounds of failure to comply with the notice requirements, the section has no apparent application to circumstances where the employee is sued but no action was commenced against the governmental entity.

That would result in an absurd consequence. A claimant who had failed to give notice could properly sue the employee individually, but only in the event he had not sued or joined the governmental entity as a defendant. The Legislature is not presumed to intend such consequences."

*Burks v. Bolerjack,* (1980) Ind.App., 411 N.E.2d 148, 151 (Staton, J., dissenting).

Considering the entire statutory scheme of Ind.Code § 34–4–16.5, we do not conclude that the Legislature intended the "absurd" result noted by Judge Garrard. By providing that the governmental entity is required to defend the sued individual employee, the statute places precisely the same burden upon the entity which it would have if it were sued. Even if the sued employee cannot properly be held liable as an individual, the employing entity is required to defend him. Thus, whether a plaintiff elects to sue only the entity, only the employee, or both the entity and the employee, there is no difference to the employing entity since it still must provide the defense. The interpretation of the legislative intent by the Court of Appeals in this case appears to glorify form over substance and creates a distinction without a difference. Even assuming, *arguendo*, that governmental entities have some discretion as to whether they will pay on a judgment, the scope of any such discretion is very limited by the practicalities. Even in a suit against an individual employee, that employee can implead the employing entity under *respondeat superior* theory so an avenue still exists for ultimate judg-ment liability in the employer. There also is merit in the contention of Land and Clase that in the absence of a reservation of rights in the employer, there are grounds for the contention that by defending, the employer agrees to pay the judgment assessed. Land and Clase further suggest that in light of the realities of government employment, the employer will almost always find its best interest lies with paying the judgment. It could as well be presumed that the Legislature was contemplating that all of the parties would be before the trial court when these determinations are made and did not surmise that Ind.Code § 34–4–16.5 would be interpreted to create an escape by suing only the employee directly. Moreover, we believe the intention of the Legislature was that the employer entity might logically elect to "escape" paying the judgment where the act of the employee was so far out of the scope of his or her employment as to amount to fraud or criminal conduct. To interpret the intention of the Legislature otherwise would have this provision allow a complete circumvention of all of the other purposes and provisions of the Tort Claims Act since the political subdivision would have virtually the same responsibilities when only the employee is sued but without being accorded the benefits of notice. This holding is not inconsistent with our holding in *Geyer v. City of Logansport,* (1977) 267 Ind. 334, 370 N.E.2d 333. *Geyer* was decided under a prior Tort Claims or "City Notice" statute, Ind.Code § 18–2–2–1 [Ind.Code § 48–8001 (Burns Supp.1973)] [repealed effective February 19, 1974], which did not require notice for suit against individual governmental employers since it did not obligate the employer entity to defend its employees. In that statute, the governmental entity had a discretionary power to provide a defense or indemnity to employees. Under that statute a city, such as the town here, was free to decide whether or not to provide a defense and/or indemnification. If the city decided not to, the city was completely "off the hook" and could not be brought back into the action through the

employee. We now hold that Poole's action against Clase should be dismissed for failure to comply with the notice requirements of Ind.Code § 34-4-16.5-5. Likewise, we hold that Poole's claim against Land also should be dismissed.

The opinion of the Court of Appeals is vacated and this cause is remanded to the trial court with instructions to modify its judgment consistent with this opinion.

GIVAN, C.J., and HUNTER, and PRENTICE, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

I concur down the line with the opinion of the Second District of the Court of Appeals which appears at 455 N.E.2d 953. The one hundred and eighty day notice requirement in I.C. § 34-4-16.5-7 applies by its express terms to claims against political subdivisions and not individual public employees. Public employees are protected by the discretionary payment provisions in I.C. § 34-4-16.5-5. Poole's claims are against individuals and not a political subdivision. Therefore Poole's claims are not barred by the failure to comply with the notice provision in the Tort Claims Act. On the second issue, I agree with the Court of Appeals that when a judge serves the office of clerk of court, and takes those simple and routine ministerial steps necessary to recall a warrant, he is not performing a judicial act, or a closely related act requiring the exercise of judgment or discretion. And I further agree with the reasoning of the Court of Appeals on the third issue, that judicial immunity should not be extended to assistants of a clerk of court when engaged in simple, routine ministerial tasks. I would therefore permit the claims to go forward in the trial court. However, I hasten also to point out that this legal view does not reflect a belief that a breach of duty with consequent injury exists in the circumstances which gave rise to the institution of this action.