**Richard OWEN, Appellant (Plaintiff Below),**

v.

**William C. VAUGHN III, Appellee (Defendant Below).**

**No. 4–983A310.**

Court of Appeals of Indiana, Fourth District.

June 13, 1985.

Rehearing Denied Aug. 5, 1985.

---

Lawrence D. Giddings, Peyton, Giddings, Whitsitt, Baker & McClure, Lebanon, Jerry L. Susong, Susong and Smith, Thorntown, for appellant.

Linley E. Pearson, Atty. Gen., Mark J. Tidd, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Plaintiff-Appellant Richard Owen (Owen) appeals the grant of summary judgment in favor of defendant-appellee Judge William C. Vaughn III (Judge Vaughn) and the awarding of attorney fees against himself and his attorneys.

ISSUES

Owen presents three issues for our review:

1. whether summary judgment properly was granted,

2. whether the judgment assessing attorney fees against Owen and his attorneys is illegal, and

3. whether the award of attorney fees was excessive.

FACTS

Owen is married to Sandy Jarvis Owen (Sandy) who divorced her first husband Michael Jarvis (Jarvis) in the Putnam Circuit Court. Judge Vaughn presided over Sandy's divorce from Jarvis and four subsequent hearings concerning visitation rights.

During the second hearing on visitation Judge Vaughn ordered Sandy and Owen not to interfere in any way with Jarvis's visitation rights. Neither Owen or Sandy appealed this order. At the third hearing Judge Vaughn sentenced Sandy to 90 days in jail for contempt for violation of said order but suspended the sentence on condition the order would not be further violated. At the fourth hearing Judge Vaughn found both Owen and Sandy in contempt, sentencing each to 90 days in jail. The next day Judge Vaughn suspended all but five days of each sentence. Owen then brought this action for false imprisonment against Judge Vaughn individually. Owen did not file a notice of claim under the Indiana Tort Claims Act, IND. CODE 34-4-16.5-1—34-4-16.5-19.

The trial court entered summary judgment in favor of Judge Vaughn stating Owen's claim is barred by the notice provision of the Tort Claims Act and the Doctrine of Judicial Immunity. The trial court further awarded attorney fees of $5,961.64 against Owen's attorneys pursuant to the Tort Claims Act. Upon Judge Vaughn's motion to correct errors, the trial court later entered judgment against both Owen and his attorneys for the attorney fees. Other pertinent facts are discussed below.

## DISCUSSION AND DECISION

### I. *Summary Judgment*

Owen first contends Judge Vaughn does not enjoy judicial immunity from civil liability in this case because he acted wholly without jurisdiction, citing *Poole v. Clase* (1983), Ind.App., 455 N.E.2d 953 (overturned on other grounds) as authority for his position. In *Poole*, it is true, the defendant was denied judicial immunity because the acts complained of were not judicial in nature.

In *Poole*, the defendant served both as judge and clerk of a town court.[1] The *Poole* court held if the action complained of occurred while the defendant was performing his duties as clerk of the court rather than as judge, judicial immunity did not protect him. However, if he was acting in his judicial capacity, the defendant was immune from a suit for damages. *Id.,* 455 N.E.2d at 959. Owen concedes Judge Vaughn's acts here were judicial in nature, but claims they were outside his jurisdiction.

Owen further cites *Stump v. Sparkman* (1978), 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 as stating in Indiana when a judge acts in the clear absence of all jurisdiction he is personally liable for his actions. Owen misreads *Stump*, however, and in so doing misapplies it. A careful reading of *Stump* reveals its holding is contrary to Owen's position.

Interpreting Indiana's doctrine of judicial immunity, the U.S. Supreme Court said

... Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdictions, and are alleged to have been done maliciously or corruptly.

*Id.,* 98 S.Ct. at 1104, *quoting Bradley v. Fisher* (1872), 13 Wall. 335, 347, 20 L.Ed. 646.

■ A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. Rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction."[2] *Stump, supra,* 98 S.Ct. at 1105.

■ It was uncontested Judge Vaughn was judge of the Putnam Circuit Court, the acts complained of took place during a hearing on visitation following a dissolution of marriage, and Owen was present in court when the orders were issued. Judge Vaughn had subject matter jurisdiction over all cases at law and in equity, *cf.* I.C. 33–4–4–3, including dissolution of marriage actions. Further, he had jurisdiction to punish miscreants for contempt of court by fine, imprisonment or both, *cf.* I.C. 34–4–7–6.

■ Moreover, Judge Vaughn had personal jurisdiction of Owen for contempt purposes even though he was not a party to the action. Owen had personal knowledge of these proceedings. He was physically present at all the hearings regarding visitation. He was personally ordered not to interfere by Judge Vaughn, and later personally named along with his wife, Sandy, in the judge's order of November 6, 1981. It stated in part

The petitioner [Sandy] and her husband [Owen] are ordered not to interfere in any way with respondent's [Jarvis] visitation rights.

One not a party who has knowledge of a court order but nevertheless aids, conspires with, and abets a party to an action in violating a court order entered therein, may be punished for contempt. *Moore v.*

---

1. *See* I.C. 18–1–14–2 (1976) [Now I.C. 33–10.1–6–1.1] for statutory authority for town court judges to serve in a dual capacity as both judge and clerk of the court.

2. In *Stump, supra,* 98 S.Ct. at 1105 and *Bradley, supra,* 13 Wall. at 352, the Court illustrated the distinction between lack of jurisdiction and excess of jurisdiction with the following examples:

if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Polk Sanitary Milk Co.* (1936), 209 Ind. 558, 200 N.E. 228, 232; *Shaughnessey v. Jordan* (1916), 184 Ind. 499, 111 N.E. 622, 624; *Anderson v. Indianapolis Drop Forging Co.* (1904), 34 Ind.App. 100, 72 N.E. 277, 278. *See, also, Caito v. Indianapolis Produce Terminal, Inc.* (1974), 162 Ind.App. 590, 320 N.E.2d 821. Judge Vaughn had personal jurisdiction of Owen for such purposes. His acts fall far short of the required clear absence of all jurisdiction standard necessary to render Judge Vaughn subject to civil suit. Summary judgment was properly entered. Judge Vaughn is judicially immune from suit on such grounds.

Owen next contends his action was against Judge Vaughn as an individual, thus summary judgment based on the notice provisions of the Tort Claims Act was improper. We disagree.

■ Summary judgment is appropriate only where there is no genuine issue as to any material fact; any doubt must be resolved in favor of the nonmoving party. *Mogan v. Southern Indiana Bank & Trust Co.* (1985), Ind.App., 473 N.E.2d 158, 160; *Sink and Edwards, Inc. v. Huber, Hunt & Nichols, Inc.* (1984), Ind.App., 458 N.E.2d 291, 295. However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute regarding a fact which is dispositive of the matter. *Mogan*, 473 N.E.2d at 160; *Sink & Edwards*, 458 N.E.2d at 295.

Owen bases his argument on his interpretation of the Tort Claims Act, citing *Poole v. Clase* (1983), Ind.App., 455 N.E.2d 953 as supportive of his interpretation. However, the holding in *Poole* recently was overturned. In *Poole v. Clase* (1985), Ind., 476 N.E.2d 828 our supreme court held whether a plaintiff elects to sue only the employee, the governmental entity, or both the employee and the entity, there is no difference to the employing entity since it must still provide the defense. Justice Pivarnik, writing for the court, stated

to interpret the intention of the Legislature otherwise would have this provision allow a complete circumvention of all of the other purposes and provisions of the Tort Claims Act since the political subdivision would have virtually the same responsibilities when only the employee is sued but without being accorded the benefits of notice.

*Id.*, 476 N.E.2d at 831.

■ The only other authorities cited by Owen are three appeals court cases. They are readily distinguishable. Each of the cases cited was decided under a prior Tort Claims or "City Notice" statute, *cf.* I.C. 18–2–2–1. That statute was repealed effective February 19, 1974. It did not require notice for suit against individual governmental employees because it did not obligate the employer entity to defend its employee. *Poole, supra,* 476 N.E.2d at 831. Therefore, summary judgment for Judge Vaughn was proper due to the undisputed failure of Owen to comply with the notice requirements of I.C. 34–4–16.5–5.

## II. *Attorney Fees*

In his next issue Owen makes a two-pronged claim. He first claims assessment of attorney fees against his attorneys is error because the attorneys are not parties to this action, thus judgment cannot be entered against them. He further argues there is no basis in Indiana law for assessment of attorney fees against himself or his attorneys. We disagree as to both contentions.

As to his attorneys, Owen cites but one Indiana case, *Shaw v. Hoadley* (1846), Ind., 8 Blackford 165, as standing for the proposition the trial court has no authority to enter a judgment against a non-party, stating such has always been the law. A careful reading of *Shaw*, however, shows that it is not on point with this case. There, judgment was entered against Mace and Jones who were in no way associated with the trial proceedings. Here, however, Owen's attorneys, who were actively involved in every stage of the proceedings, were held liable for the results of their actions.

Furthermore, even if we agreed with Owen's interpretation of *Shaw* as analogous to this case, such may have been the law in 1846, but by as early as 1853 attorneys were held financially liable for their acts, even as non-parties, in connection with suits before the court. In *Loveland v. Jones* (1853), 4 Ind. 184 our supreme court held it is within a court's power to enter costs against the attorneys in an action as a separate judgment even when also entering costs against their client. Also, in *Brown v. Brown* (1853), 4 Ind. 627 our supreme court stated it is within the power of the court to enter costs against the non-party attorney. Such power is discretionary with the court. Its action in this regard is reviewed only for an abuse of discretion.

■ The other cases Owen cites in support of his position come from other jurisdictions, and specifically deal with interpretations of statutes within those jurisdictions. *Brown* and *Loveland* are still the law in this state. Our review does not reveal an abuse of the trial court's discretion in this regard.

■ Owen next claims there was no basis under Indiana law for awarding attorney fees in this case. As Owen correctly states, in the absence of a contractual agreement or a statute, the award of attorney fees is generally improper under Indiana law. *City of East Chicago v. Broomes* (1984), Ind.App., 468 N.E.2d 231, 234; *Cox v. Ubik* (1981), Ind.App., 424 N.E.2d 127, 129. However, this rule has been subjected to several exceptions in recent years. One is the obdurate behavior exception, that is, where the prevailing party has been dragged into baseless litigation by the bad faith of the losing party, the court may award attorney fees. *Id.; St. Joseph College, et al. v. Morrison, Inc.* (1973), 158 Ind.App. 272, 279, 302 N.E.2d 865, 870.

■ Further, the Tort Claims Act, I.C. 34–4–16.5–19, specifically establishes a basis for attorney fees for actions falling under its auspices. The Tort Claims Act is inapplicable here, Owen opines, because

suit was brought not against a governmental entity but against an individual. As we discussed in Owen's first issue and as our supreme court stated in *Poole*, the Tort Claims Act requires the governmental entity to defend against the action even if brought against an individual employee. Thus, the provisions of the Tort Claims Act are applicable here.

Owen also claims the Tort Claims Act is inapplicable here as a judge cannot be classified as a "public employee" under its definition. Such claim is totally groundless. As Owen states in his brief, the statutory definition states, in pertinent part,

(1) "employee" and "public employee" means ... elected public officials ...

I.C. 34–4–16.5–2.

The record shows Judge Vaughn is the duly elected judge of the Putnam Circuit Court and thus falls under the statutory definition of public employee.

■ Furthermore, even if as Owen contends, the Tort Claims Act is not applicable here, the trial court's specific finding Owen's action was, "... frivolous, unreasonable and groundless...." went uncontested as Owen declined to offer evidence or objections at the hearing on attorney fees. On this basis, an award for attorney fees is proper under the obdurate behavior exception even in the absence of statutory authority or contractual agreement.

### III. *Excessive Fees*

■ Owen finally contends, even assuming *arguendo* an award of attorney fees is proper, the fees awarded here were excessive. An award of attorney fees will be reversed on appeal as excessive only where an abuse of the trial court's discretion is apparent on the face of the record. *Scott and Shafer v. Anderson Newspapers, Inc.* (1985), Ind.App., 477 N.E.2d 553, 564; *Rice v. Rice* (1984), Ind.App., 460 N.E.2d 1228, 1251.

■ A review of the transcript presented on appeal clearly shows, in respect to this issue, Owen made no objection or proof

in the proceeding below the amount claimed by Judge Vaughn as attorney fees was excessive, although given ample opportunity to do so. It is well settled in Indiana a claim not raised at trial may not be asserted for the first time on appeal. *Beland v. State* (1985), Ind., 476 N.E.2d 843, 845; *Lanham v. Marley* (1985), Ind.App., 475 N.E.2d 700, 705; *Vaughan v. State* (1984), Ind.App., 470 N.E.2d 374, 378; Ind. Rules of Procedure, Trial Rule 59.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.