**Sandra K. ELZEY, Appellant (Plaintiff Below),**

v.

**Jack E. ARCHER, Monte Fisher, Dennis Houtz, Nyal Frantz, N.E. Prince, Daniel L. Figel, Giles J. Pierre, and Other Unknown Parties, Appellees (Defendants Below).**

No. 35A02–8604–CV–140.

Court of Appeals of Indiana, Third District.

Dec. 8, 1986.

Rehearing Denied Jan. 21, 1987.

Christopher C. Myers, Wilks, Kimbrough and Myers, Fort Wayne, for appellant.

Thomas C. Ewing, Carla J. Baird, Hunt, Suedhoff, Borror & Eilbacher, Fort Wayne, for appellees Monte Fisher, Dennis Houtz and Nyal Frantz.

Thomas A. Herr, Barrett & McNagny, Fort Wayne, for appellees N.E. Prince and Daniel L. Figel.

G. William Fishering, R. Scott Perry, Beers, Mallers, Backs, Salin & Larmore, Fort Wayne, for appellee Giles J. Pierre.

HOFFMAN, Judge.

Plaintiff-appellant Sandra K. Elzey appeals an order granting summary judgment in favor of defendants-appellees Monte Fisher, Dennis Houtz, Nyal Frantz, N.E. Prince, Daniel L. Figel and the Honorable Giles J. Pierre. Elzey filed a com-

plaint against the defendants [1] for unlawful arrest and for violation of 42 U.S.C. § 1983.

The facts relevant to this appeal disclose that Jack Archer, Elzey's ex-husband, filed a petition for a writ of habeas corpus on July 1, 1983 alleging that Elzey was depriving Archer of lawful custody of their two minor children. That day Allen Circuit Court Judge *Pro Tempore* Giles Pierre signed a writ of habeas corpus which in relevant part stated:

"IT IS THEREFORE, ORDERED that a writ of habeas corpus issue out of and under the seal of this court, directed to said Sandra K. Archer, commanding her to have the bodies of said Jason Richard Archer and Nathaniel J. Edward Archer before this court forthwith, to do and receive what shall then and there be considered concerning said children, together with the time and cause of their detention, and that she have then and there this writ. And it is also ordered that a warrant for the immediate taking of said Jason Richard Archer and Nathaniel J. Edward Archer and for the arrest of said Sandra K. Elzey (formerly Archer) be issued to the sheriff of Allen County, returnable before this Court."

On July 4, 1983 Elzey, who lived in Wells County, was arrested and placed in custody along with her two sons. They were driven to the Wells County/Allen County line and transferred to an Allen County police vehicle. From the county line they were transported to Allen County jail. Elzey was held overnight in the jail and the children were released to their stepfather.

It is undisputed that contempt proceedings were not instituted prior to the habeas corpus action, that Elzey was never given notice or a hearing prior to the arrest and that Elzey was not taken before a judge upon her release from jail. In July 1985 Elzey instituted suit against the police officers, sheriffs, judicial officer and others involved in her arrest.

The trial court granted summary judgment in favor of the police officials based upon a facially valid order for Elzey's arrest. Summary judgment for Judge Pierre was based upon judicial immunity. Elzey appeals and raises several issues for review. As restated and consolidated the issues presented are:

(1) whether the trial court erred in determining that Judge Pierre was entitled to judicial immunity in that IND. CODE § 34-1-57-3 (1982) deprived Judge Pierre of all jurisdiction and jurisdiction could not be based upon continuing jurisdiction over dissolution matters;

(2) whether the trial court erred in determining that the order upon which Elzey was jailed, was valid on its face; and

(3) whether the trial court's order granting the summary judgment was contrary to law in that Elzey's illegal arrest and incarceration violated 42 U.S.C. § 1983.

Summary judgment is appropriate when no genuine issue of material fact is in dispute and the moving party is entitled to a judgment as a matter of law. *Tippecanoe San. Landfill v. Bd. of Cy. Com'rs* (1983), Ind.App., 455 N.E.2d 971, 974. On review this Court must determine whether the trial court properly applied the law. *Tippecanoe, supra.* In determining the propriety of a summary judgment, all facts established by the non-moving party must be taken as true, and any doubts should be resolved against the proponent of the motion. In the present case Elzey complains only of the trial court's application of the law to the facts.

Elzey's first allegation of error is based upon an interpretation of a portion of the habeas corpus statutes, IND. CODE § 34-1-57-3, which Elzey contends would deprive Judge Pierre of all jurisdiction over the habeas corpus petition in the present case. Elzey further contends that Judge Pierre could not base jurisdiction of the habeas corpus action upon the trial court's continuing jurisdiction over custody matters in a dissolution proceeding.

---

1. Other defendants named in the complaint are not parties to this appeal.

IND. CODE § 34–1–57–25 (1982) specifically allows the use of writs of habeas corpus by parents in actions concerning their children. The statute states:

"Writs of habeas corpus shall be granted in favor of parents, guardians, and spouses; and to enforce the rights and for the protection of infants and insane persons; and the proceedings shall, in all such cases, conform to the provisions of this chapter."

IND. CODE § 34–1–57–25.

The statute requires conformance with other provisions of the habeas corpus statutes. IND. CODE § 34–1–57–3 delineates the judges who are authorized to issue writs of habeas corpus. The section provides:

"Writs of habeas corpus may be granted by the circuit or superior courts of the county in which the person applying therefor may be restrained of his or her liberty, or by the judges of said courts, whether in term or vacation; or if said judges be absent from their circuits, or by reason of sickness, or other cause, be unable or be incompetent to hear and determine the same, then by any such judge of any adjoining circuit, and upon application, the writ shall be granted without delay."

IND. CODE § 34–1–57–3.

The applicants in the present case, the children, lived and according to the petition filed by their father were restrained in Wells County. Judge Pierre was judge *pro tempore* for the Allen Circuit Court at the time that he granted the writ. Elzey contends that the writ granted by Judge Pierre in Allen County was issued absent all jurisdiction.

In *Owen v. Vaughn* (1985), Ind.App., 479 N.E.2d 83, this Court set forth the standard by which judicial immunity applied. It was noted that:

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority. Rather, he will be subject to liability only when he has

acted in the 'clear absence of all jurisdiction.'"

(Citations and footnote omitted.)
*Owen, supra,* 479 N.E.2d at 86.

In a case which arose from an Indiana circuit court action, the United States Supreme Court determined that a judge sitting in an Indiana circuit court which by statute[2] enjoyed "original exclusive jurisdiction in all cases at law and in equity" was not acting in clear absence of all jurisdiction. *Stump v. Sparkman* (1978), 435 U.S. 349, 357–359, 98 S.Ct. 1099, 1105–1106, 55 L.Ed.2d 331. The Court in *Stump* gave the following example of the distinction between lack of jurisdiction and acting beyond the jurisdiction:

"[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." (Citation omitted.)
*Stump, supra,* 435 U.S. at 357, 98 S.Ct. at 1105, footnote 7.

■ In the present case IND. CODE § 34–1–57–3 allows judges of superior or circuit courts in adjoining counties to grant writs of habeas corpus under certain circumstances. Even though there was no indication that the circumstances were applicable, Judge Pierre sitting in a court with authority to grant writs of habeas corpus, was acting beyond his jurisdiction but not without jurisdiction. *See, Stump, supra.* As such, Judge Pierre is entitled to judicial immunity, and this Court need not determine whether the writ could have been granted based upon the continuing jurisdiction of the Allen Circuit Court over custody matters arising from the dissolution proceeding.

■ Next, Elzey questions the propriety of the summary judgment granted in favor of the sheriffs and their deputies. Specifi-

**2.** IND. CODE § 33–4–4–3 (1982).

cally, Elzey contends that the order upon which she was jailed was not valid on its face.

This Court in *Stine v. Shuttle et al.* (1962), 134 Ind.App. 67, 74, 186 N.E.2d 168, 172, stated:

"It is also a general rule of law that a process or warrant not void on its face issued by a tribunal having general jurisdiction of the subject matter is a protection to the officer executing it, and the officer is not required to look beyond the process or warrant or determine the validity or regularity of the proceedings on which it is founded, or to exercise his judgment touching its validity in a point of law or by the fact that the process may have been obtained fraudulently or that his feelings toward the party arrested were malicious or by notice of facts which might render the arrest improper. Even though a process may have been issued irregularly by a party who might be liable, it is nevertheless a protection to the officer executing it. See Vol. 35 C.J.S. False Imprisonment § 28, pp. 669–671. It is only where a process is void on its face that the arresting officer is not protected. Vol. 35 C.J.S. False Imprisonment p. 671."

Thus, the sheriffs and their deputies would be protected from liability even though the process was issued irregularly if the process was not void on its face and was issued by a court with general jurisdiction over the subject matter. The process issued in the present case did not meet the procedural guidelines provided in the habeas corpus statutes. However, it has already been determined that the Allen Circuit Court had jurisdiction over the subject matter. Unless the process was void on its face without requiring the executing officer to determine its regularity or determine its validity on a point of law, the officers here are entitled to protection from liability.

While not a study in clarity, the deficiencies in the process in Elzey's case were based upon points of law. The order was somewhat ambiguous as to whether it was ordering the immediate taking of the children and the arrest of Elzey or whether an arrest warrant was to be issued. IND. CODE § 34–1–57–24 (1982) in pertinent part provides that "no writ or other process shall be disregarded for any defect therein, if enough is shown to notify the officer or person of the purport of the process." The import of the order could be determined and was acted upon by the deputies.

Further, IND. CODE § 34–1–57–18 (1982) states that "[n]o sheriff or other officer shall be liable to a civil action for obeying any writ of habeas corpus or order of discharge made thereon." From the foregoing it is apparent that the sheriffs and their deputies are entitled to protection from liability for their part in executing the order.

■ The two issues discussed are dispositive of Elzey's third issue: that the defendants' actions violated 42 U.S.C. § 1983. Section 1983 requires state action. The determination that the state agents are immune from liability or protected from liability defeats the § 1983 claim.

*See generally: Stump, supra; Mother Goose Nursery Schools, Inc. v. Sendak* (7th Cir.1985), 770 F.2d 668; *Coleman v. Frantz* (7th Cir.1985), 754 F.2d 719.

Accordingly, the trial court's granting of summary judgment as to the above defendants is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.