**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 28, 2005[*]
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1956

DEBRA L. THOMAS,
    *Plaintiff-Appellant*,

    *v.*

SHIRLEY STARKS, et al.,
    *Defendants-Appellees.*

Appeal from the United States
District Court for the Southern
District of Indiana, Evansville
Division

No. EV 02-33-C-Y/H

Richard L. Young,
*Judge.*

**O R D E R**

Over the course of two years, the school that Debra Thomas's daughter attended in Evansville, Indiana, submitted eight referrals of child abuse and one of neglect to the county office of child protective services. Records show that caseworkers substantiated two of the referrals after interviewing Thomas. The caseworkers, however, never removed Thomas's daughter, or took any action other than simply advising her that she should seek counseling for her disciplinary methods. Thomas acknowledges that a caseworker interviewed her on one occasion,

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

and that during that interview she admitted the allegations that prompted the specific referral. But she has always maintained that there were no other interviews, and that a caseworker's report confirming a different referral is false. Thomas eventually filed this lawsuit against two caseworkers and a supervisor claiming they violated her rights under the federal Constitution and state tort law by fabricating investigative reports. The district court granted summary judgment for the defendants on both claims, reasoning that Thomas failed to establish a constitutional violation and that she could not pursue a tort suit under Indiana law because she had not given the county prior notice of her intention to sue.

Although Thomas filed her complaint *pro se*, she was at times represented by retained and appointed attorneys. Her burden on appeal is to demonstrate to us that a genuine issue of material fact exists. Fed. R. Civ. Proc. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Thomas directs us to no flaw in the district court's analysis or to any issue of material fact, and our review reveals none.

To the extent Thomas argues a substantive due process claim arising under 42 U.S.C. § 1983 for interfering with her relationship with her daughter, the district court's analysis is correct. It is undisputed that the defendants acted under color of law, but Thomas cannot establish that their actions deprived her of a right secured by the Constitution or laws of the United States. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). The Supreme Court has long held that a parent's liberty interest in family integrity is a component of substantive due process, *see, e.g., Troxel v. Granville*, 530 U.S. 57, 65 (2000) (collecting cases), yet the right to family integrity is not absolute, *Berman v. Young*, 291 F.3d 976, 983 (7th Cir. 2002), and does not include the right to be free from child abuse investigations, *Doe v. Heck*, 327 F.3d 492, 520 (7th Cir. 2003). Such investigations must be based on definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is endangered, *Brokaw v. Mercer County*, 235 F.3d 1000, 1019 (7th Cir. 2000), but Thomas has never disputed that the defendants acted on referrals from her daughter's school, nor has she contended that those referrals were themselves fabricated.

Moreover, as the district court noted, the right to family integrity could not have been violated merely by the defendants misrepresenting the content of their investigations or the conclusions they drew; those actions did not interfere with the parent-child relationship. Caseworkers did not remove Thomas's daughter even temporarily. *Compare Tenenbaum v. Williams*, 193 F.3d 581, 601 (2d Cir. 1999) (holding that removal of child for several hours to conduct medical exam was not "severe enough" interference to violate substantive due process), *with Brokaw*, 235 F.3d at 1019 (holding that child's four-month separation from his parents could be challenged as denial of substantive due process). Neither did they deny Thomas the

opportunity to spend time with her daughter.  *See Terry*, 346 F.3d at 787 (holding that denying non-custodial parent one day of visitation did not interfere with family rights).  Nor did Thomas ever contend that she feared her daughter would be taken away.  *See Doe*, 327 F.3d at 524 (holding that child welfare caseworkers violated due process by making baseless threats that led plaintiffs to fear that removal of their children was imminent).  Indeed, the very premise of her complaint is that Thomas was interviewed just one time, and that whatever else the defendants say they did to investigate the referrals is untrue.

And that contention is really what her lawsuit is about.  The recurring theme in Thomas's submissions is that the conduct of the defendants has injured her reputation in the community, a result that Thomas characterizes as a violation of her right to procedural due process.  But the Supreme Court has held that procedural due process does not protect against injury to reputation alone because reputation is neither "liberty" nor "property."  *Paul v. Davis*, 424 U.S. 693, 712 (1976); *Atwell v. Lisle Park Dist.*, 286 F.3d 987, 992-93 (7th Cir. 2002).  An injury to reputation may be a viable theory under state law, but a procedural due process claim is the wrong vehicle for seeking redress.  *Pleva v. Norquist*, 195 F.3d 905, 916 (7th Cir. 1999).

Finally, the district court was correct to dismiss Thomas's state-law tort claim.  Indiana law requires that a party injured by a government employee must give the employing entity or the attorney general notice of tort claims within 270 days of the loss or else the suit will be barred, even against the employee in his individual capacity.  *See* Ind. Code § 34-13-3-6 (2005); *Bushong v. Williamson*, 790 N.E.2d 467, 471 (Ind. 2003); *Poole v. Clase*, 476 N.E.2d 828, 831 (Ind. 1985).  Thomas admittedly filed her notice of tort claim almost two years after she found out about the substantiated referrals against her, and it is not even clear that she disputes the dismissal of her supplemental claim under Indiana law.  Rather, she appears to misunderstand the effect of her failure to file the notice because her only argument on appeal is that § 1983 does not require such notice.  What the district court said, however, was that her failure to file a notice of tort claims bars her *state* claim.

Accordingly, the judgment of the district court is AFFIRMED.