**Lawrence SHELBY, Appellant (Plaintiff Below),**

v.

**TRUCK & BUS GROUP DIVISION OF GENERAL MOTORS CORP., Appellee (Defendant Below).**

**No. 29A04–8803–CV–00080.**

Court of Appeals of Indiana, Fourth District.

Feb. 16, 1989.

---

John O. Moss, Moss & Walton, Indianapolis, for appellant.

Herbert C. Snyder, Jr., Richard P. Steele, Barnes & Thornburg, Fort Wayne, for appellee.

CHEZEM, Judge.

### Case Summary

Plaintiff–Appellant Shelby appeals the grant of Defendant Truck and Bus Group's Motion for Summary Judgment.[1] We affirm.

### Issues

Shelby raises five (5) issues on appeal which we restate as four (4):

1. Whether an employer may be held liable, by virtue of respondeat superior, for an alleged intentional act by a fellow employee which severely burned the appellant.

2. Whether a genuine issue of material fact existed which would affect the liability of Truck and Bus Group.

3. Whether the exclusivity clause of the Indiana Workman's Compensation Act violates Appellant's right to trial by jury and the right to have courts open for redress of injury.

4. Whether Indiana should adopt the California "dual capacity" doctrine which

---

1. This opinion only addresses the summary judgment in favor of Truck and Bus Group. The cause of action against Carey is still pending. I express no opinion as to Carey's liability, since that is not at issue on this appeal.

would permit plaintiffs to recover both workmen's compensation and tort damages where the employer acts in a dual capacity.

### Facts

Appellant Shelby was an employee of Appellee Truck and Bus Group of General Motors in Indianapolis. Defendant Carey —whose personal liability is not at issue on this appeal—was a supervisor for Truck and Bus Group. Shelby was returning from a coffee break at an employee break area when he was injured. Just prior to the injury, Carey had been welding a metal ball to a metal rod. While Shelby was walking toward his crane, Carey stuck the still hot rod into Shelby's groin inflicting injury.

Shelby did not file a claim for Workmen's Compensation, but filed suit in the Marion Superior Court, Civil Division against Carey on grounds of assault, battery and negligence, and against Truck and Bus Group on counts of respondeat superior and negligence. The claim also contained a demand for punitive damages.

Truck and Bus Group filed a Motion for Change of Venue; the change was granted and perfected to the Hamilton Superior Court. Truck and Bus Group subsequently filed a Motion for Summary Judgment pursuant to Indiana Rules of Trial Procedure Rule 56 claiming that the exclusivity clause of the Indiana Workmen's Compensation Act precluded Shelby's claim and that Truck and Bus Group was entitled to judgment as a matter of law.

### Discussion and Decision

#### I

Shelby asserts that Truck and Bus Group may be held vicariously liable for Carey's actions by virtue of the doctrine of respondeat superior. That doctrine creates liability for an employer, where it would not otherwise exist, where an employee acting within the scope of employment commits a tort. The purpose of the doctrine is to properly allocate the economic costs of doing business. A business benefits from its employees performing their work within the scope of their employment.

Thus, when another party is injured as the result of an employee performing work within the scope of his employment, the doctrine of respondeat superior requires that the business pay the attendant costs which accompany the benefit. *Prosser and Keeton on Torts* (5th ed.) § 69, p. 500.

In order to be within the scope of employment the employee must be in the "service of the employer." An employer will not be held liable for the independent torts of an employee "where the act is done on the employee's own initiative and is not done in the service of the employer." *Boyle v. Anderson Fire Fighters Ass'n* (1986), Ind.App., 497 N.E.2d 1073, 1078 quoting *City of Crawfordsville v. Michael* (1985), Ind.App., 479 N.E.2d 102, 104.

"Although the foreman may be personally at fault, it does not follow that his moral culpability can be shifted to the employer by simple reliance on the doctrine of *respondeat superior*. It must be shown that the actor was the employer, one acting pursuant to the employer's direct order or one acting as the alter ego of the corporation." *National Can Corp. v. Jovanovich* (1987), Ind.App., 503 N.E.2d 1224, 1233 n. 13.

Here, Carey's act of injuring Shelby was not alleged to be part of his duties nor was it alleged that he was directed by Truck and Bus Group to injure Shelby. Carey's action, if intentional, was done on his own initiative and not in service of Truck and Bus Group. Thus Truck and Bus Group may not be held liable by respondeat superior.

#### II

Shelby asserts that the trial court erroneously granted summary judgment in favor of Truck and Bus Group since there still remained a genuine issue of material fact: whether Carey's act was an intentional tort. As previously discussed Truck and Bus Group may not be held liable by respondeat superior if Carey's act was intentional. Likewise, if the act was not inten-

tional, but negligent, Shelby's claim would be barred in this forum by the exclusivity clause of the Workmen's Compensation Act,[2] which encompasses personal injury or death by accident arising out of and in the course of employment. *Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 975.

An accident is defined as an unexpected injury. *Id.* If Carey's act were negligent, it was an "accident." Although Shelby was not working at the time of his injury, he was returning to his work area from a coffee break taken in an employee break area provided by the employer. These facts are similar to those in *Evans*, which was decided by our state supreme court. In that case, Evans had finished having coffee with other employees prior to the start of his shift in an employee break area provided by the employer. Evans was subsequently shot to death by a delusional employee in the locker room. The shooting was wholly unrelated to Evans' employment. *Id.* at 970. The Court held that Evans' claim arose out of and in the course of employment. *Id.* at 976. We find no distinction between this case and *Evans*. Accordingly, Shelby's injury arose out of and in the course of employment.

Shelby also asserts a claim that Truck and Bus Group itself was negligent in failing to properly supervise and train Carey in his use of welding equipment. Such a claim is also barred by the exclusivity clause for the same reasons discussed above. In *Evans* the plaintiff brought suit against his employer on several counts of negligence in failing to prevent the tragic shooting. The Court held that the negligence claims were barred by the exclusivity clause. *Evans*, 491 N.E.2d 969. Again, we find no distinction between this case and *Evans*. Thus, whether Carey's action was negligent or intentional or whether Truck and Bus Group was negligent are not genuine issues of material fact since their outcome does not affect the liability of Truck and Bus Group.

### III

■ Shelby next argues that the exclusivity clause violates his right to trial by jury and right to have the courts open for redress of injury pursuant to Article I, §§ 12, 20 of the Indiana Constitution. Shelby cites no authority for this proposition and fails to make a cogent argument to support such a proposition and thus waives the issue. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 80. However, we note that our state supreme court has twice upheld the validity of the exclusivity clause in the face of a similar challenge. *Seaton v. United States Rubber Co.* (1945), 223 Ind. 404, 61 N.E.2d 177, and *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

### IV

Finally, Shelby asserts that Indiana should adopt the "dual capacity" doctrine established by the California Supreme Court in *Duprey v. Shane*, 30 Cal.2d 781, 249 P.2d 8 (1952). That case permitted tort recovery for an employee of a chiropractor who was negligently treated by the chiropractor for a work related injury. The doctrine was later extended to employers, who were also manufacturers of the product responsible for the injury. *Bell v. Industrial Vangas*, 30 Cal.3d 268, 637 P.2d 266, 179 Cal.Rptr. 30 (1981), *See* Liebman, Dworkin, *A Failure Of Both Worker's Compensation And Tort: Bunker v. National Gypsum Co.*, 18 VAL.U.L.REV. 941, 943.[3] Here, even if Indiana were to adopt the "dual capacity" doctrine, there is no allegation that Truck and Bus Group served in a dual capacity as the employer and the one causing injury. Accordingly, this argument is without merit.

---

**2.** I.C. 22–3–2–6.

**3.** This doctrine appears to be a dead letter in California, since the California Legislature abrogated the doctrine by statute. Liebman, Dworkin, *A Failure Of Both Worker's Compensation And Tort: Bunker v. National Gypsum Co.*, 18 VAL.U.L.REV. 941, 943.

For all of the above reasons the judgment of the trial court is Affirmed.

CONOVER, P.J., and MILLER, J., concur.