**Julie A. VANVALKENBURG, Appellant–Plaintiff,**

v.

**Edward A. WARNER, Appellee– Defendant.**

**No. 11A05–9110–CV–328.**

Court of Appeals of Indiana, Fifth District.

Nov. 16, 1992.

---

William J. Maher, Timothy R. Hayes, Terre Haute, for appellant-plaintiff.

Daniel D. Trachtman, Wooden McLaughlin & Sterner, Indianapolis, Mark D. Hassler, Terre Haute, for appellee-defendant.

RUCKER, Judge.

Plaintiff–Appellant Julie A. VanValkenburg, a student at Indiana State University, suffered personal injuries after attending a lecture at the home of her professor, Edward A. Warner. VanValkenburg sued Warner for her injuries and he responded by filing a motion for summary judgment. According to Warner, any injuries VanValkenburg may have received arose while he was acting within the scope of his employment for the University, a political subdivision. Thus, concludes Warner, VanValkenburg's failure to give notice under provisions of the Indiana Tort Claims Act is fatal to her claim.[1] The trial court granted the motion and VanValkenburg appeals.

---

1. The Indiana Tort Claims Act, Ind.Code § 34–4-16.5 *et seq.*, provides in pertinent part:
 (a) ... a claim against a political subdivision is barred unless notice is filed with:

(1) the governing body of that political subdivision; and

On review we address the issue of whether VanValkenburg's claim is barred because she failed to provide notice under terms of the Indiana Tort Claims Act. We find it is not and therefore reverse.

In the spring of 1988, VanValkenburg was enrolled in a humanities seminar at Indiana State University. The seminar was taught by Warner who was employed by the University as an associate professor. The final session for the seminar was held at Warner's private residence. VanValkenburg attended the session, which included a class discussion on the final examination followed by an informal social gathering. At around 9:00 p.m., VanValkenburg left the gathering and as she descended the front steps of Warner's residence she tripped and fell sustaining a broken ankle and other personal injuries.

VanValkenburg sued Warner alleging negligence in the care, upkeep, and maintenance of his premises. The University was not included as a defendant in the lawsuit and VanValkenburg did not give a tort claims notice to either Warner or the University. Warner filed a motion for summary judgment which the trial court granted. This appeal ensued in due course.

When reviewing the propriety of a ruling on a motion for summary judgment, this court applies the same standard applicable to the trial court. *Ayres v. Indian Heights Volunteer Fire Dep't, Inc.* (1986), Ind., 493 N.E.2d 1229. We must consider the pleading and evidence sanctioned by Ind.Trial Rule 56(C) without deciding its weight or credibility. All evidence must be construed in favor of the nonmoving party. Only if such evidence shows that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law should summary judgment be granted. *Id.* When the facts are not in dispute, the propriety of summary judgment becomes solely a question of law. In such a case, we will reverse only when the trial court has incorrectly applied the law to the undisputed facts.

(2) the Indiana political subdivision risk management commission. . . . within one hundred eighty (180) days after the loss occurs.

*Jones v. City of Logansport* (1982), Ind. App., 436 N.E.2d 1138, *reh. denied.*

 A tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and the subdivision's risk management commission within 180 days after the loss occurs. Ind.Code § 34–4–16.5–7. There is no dispute in this case that Indiana State University is a political subdivision. *See* Ind.Code § 34–4–16.5–2. Therefore, a negligence claim against the University would require notice under provisions of the Tort Claims Act.

 Warner correctly points out the notice requirement of the Tort Claims Act applies not only to political subdivisions, but also to employees of political subdivisions as well. This rule was established by our supreme court in *Poole v. Clase* (1985), Ind., 476 N.E.2d 828 (DeBruler, J., dissenting).

In that case Poole filed a tort action against Stephen D. Clase, the Judge and Clerk of the Town of Edgewood, Indiana and Vickie Land, the Judge's assistant. Poole sought to recover damages for injuries he sustained while incarcerated in a county jail. The action was based on Clase's alleged negligent failure to recall an arrest warrant. The case was dismissed by the trial court for, among other things, Poole's failure to comply with the notice provisions of the Indiana Tort Claims Act. On appeal the second district of this court reversed the trial court and determined Poole was not required to file notice because the Tort Claims Act applied to claims against political subdivisions and not suits against individual public employees. *Poole v. Clase* (1983), Ind.App., 455 N.E.2d 953, 956. On petition to transfer our supreme court disagreed, vacated the court of appeals' opinion, and determined Poole's action should be dismissed for failure to comply with the notice requirements of the Indiana Tort Claims Act. *Poole*, 476 N.E.2d 828.

I.C. § 34–4–16.5–7(a).

In reaching its decision the supreme court considered the entire statutory scheme of the Indiana Tort Claims Act including I.C. § 34–4–16.5–5 which dictates in part:

(b) [T]he governmental entity shall pay any judgment, compromise, or settlement of a claim or suit against an employee *when the act or omission causing the loss is within the scope of his employment,* regardless of whether the employee can or cannot be held liable for the loss ...

(c) The governmental entity shall provide counsel for and pay all costs and fees incurred by or on behalf of an employee in defense of a claim or suit *for a loss occurring because of act or omissions within the scope of his employment,* regardless of whether the employee can or cannot be held personally liable for the loss.

*Id.* (emphasis added). The court reasoned that a suit against a public employee places the same burden on the governmental entity: "Thus, whether a plaintiff elects to sue only the entity, only the employee, or both the entity and the employee, there is no difference to the employing entity since it still must provide the defense." *Poole,* 476 N.E.2d at 831.

■ Implicit in the supreme court's ruling is the notion that governmental employment, standing alone, does not trigger the notice provision of the Indiana Tort Claims Act. Rather, where, as here, the plaintiff elects to sue only the governmental employee, notice is required only if the act or omission *causing* the plaintiff's loss is within the scope of defendant's employment. *See* I.C. § 34–4–16.5–5 (emphasis added). Stated differently there must exist a causal relationship between plaintiff's injury and defendant's governmental employment before notice is required under the provision of the Indiana Tort Claims Act. Absent this causal connection a public entity would have no obligation to provide any defense, pay any judgment, compromise, or settle any claim or suit against its employee. It is the connection between a public employee's action and the loss sustained by the plaintiff which provides the underlying rationale in *Poole, supra.*

■ In applying the *Poole* rationale to the case before us we must examine the relationship between VanValkenburg's injuries and Warner's public employment. We hasten to add that neither the language of the Tort Claims Act nor the rule of law announced in *Poole,* require us to resolve the ultimate issue of causation in the underlying tort in order to determine the applicability of the Tort Claims Act. While the question of compliance with the Act is a question of law to be determined by the court, *City of Indianapolis v. Satz* (1978), 268 Ind. 581, 377 N.E.2d 623, the question of causation in negligence cases often requires a weighing of disputed facts and is thus usually inappropriate for summary disposition. *Lawson v. Public Service Co. of Indiana, Inc.* (1986), Ind.App., 493 N.E.2d 815, 817, *trans. denied.* Rather, we need only determine here whether there is a causal connection between VanValkenburg's injuries and Warner's employment as a University professor. An employee cannot be said to be acting within the scope of his employment "where the act is done on the employee's own initiative and not in the service of the employer." *Shelby v. Truck & Bus Group Div. of GMC* (1989) Ind.App., 533 N.E.2d 1296, 1298, citing *Boyle v. Anderson Fire Fighters* (1987), Ind.App., 497 N.E.2d 1073, 1078, *trans. denied.*

■ Here, VanValkenburg alleges the injuries she sustained were the result of Warner's failure to provide adequate lighting, failure to provide a handrail, and failure to keep his premises in a reasonably safe condition. According to VanValkenburg, Warner's actions amount to negligence.

The Ind.Trial Rule 56(C) materials designated by Warner in support of his motion for summary judgment do not suggest the maintenance of his private residence represents an act done in the service of his employer. *See Shelby, supra.* It is true VanValkenburg was injured after attending a lecture and social function at the private residence of her professor. Howev-

er, it is equally true Warner's employment by the University is only incidentally related to his obligation, as the owner of a private residence, to maintain his premises in a reasonably safe condition. The relationship between VanValkenburg's injuries and Warner's status as a public employee is only marginal at best. Absent a causal connection between a plaintiff's loss and a defendant's employment by a political subdivision, the Tort Claims Act has no applicability.

We hold that because there is no causal connection between the loss sustained by VanValkenburg and Warner's employment as an associate professor at Indiana State University, the notice provision of the Indiana Tort Claims Act does not bar VanValkenburg's claim. Therefore, summary judgment in favor of Warner is inappropriate.

Judgment reversed.

BARTEAU and ROBERTSON, JJ., concur.