**CELEBRATION FIREWORKS, INC., Appellant–Plaintiff,**

v.

**Wayne SMITH, Appellee–Defendant.**

**No. 50A03–9612–CV–462.**

Court of Appeals of Indiana.

July 10, 1997.

Casey D. Cloyd, Brooke & Cloyd, Muncie, for Appellant–Plaintiff.

Martin D. Hoke, Knight, Hoppe, Fanning & Knight, LTD., Schererville, for Appellee–Defendant.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Celebration Fireworks, Inc. ("Celebration") appeals the trial court's grant of a motion for summary judgment filed by Wayne Smith in Celebration's suit for defamation against Smith. The sole issue for our review is whether the trial court erred when it entered summary judgment in favor of Smith. We reverse.

### FACTS AND PROCEDURAL HISTORY

The relevant facts indicate that in late June of 1993, Celebration sold fireworks from its store located at 2517 North Michigan Street, in Marshall County and within the city limits of Plymouth. Due to continuing disputes with the City of Plymouth concerning the sale of fireworks within city limits, Celebration decided to relocate its business outside of city limits. On or about July 2, 1993, Celebration entered into a contract to lease part of a premises owned by George Kendall. Kendall's premises were

located just outside of city limits, but within the fire protection jurisdiction of the Plymouth Fire Department.

Wayne Smith, Fire Chief for the City of Plymouth, investigated Celebration's compliance with the City's fire safety ordinances at its original rental location. During one of those investigations, Rick Miller, a representative of the owner of that property, informed Smith that Celebration had not made full payment of rentals due and owing at the time Celebration ceased doing business at that address. Thereafter, Smith visited Kendall's business premises and spoke to Kendall about Celebration's move to Kendall's premises. Smith informed Kendall that Celebration "doesn't pay their bills." Smith called Celebration "nomads" and "a scam" and advised Kendall to "make sure you get paid."

On January 3, 1994, Celebration filed a tort claim notice pursuant to Indiana Code § 34-4-16.5-7,[1] thereby attempting to preserve any potential tort claim against the City of Plymouth Celebration might have based upon Smith's conduct. Celebration's notice was untimely, as the deadline for filing such notice was December 29, 1993.[2] Thereafter, on June 3, 1994, Celebration filed its complaint for defamation against Smith. Smith moved for summary judgment and asserted that Celebration's right to recovery is barred due to its failure to comply with the notice provisions of the Indiana Tort Claims Act. Smith also asserted the alternative theory that his statements were protected by a qualified privilege. Following a hearing the trial court granted Smith's motion for summary judgment. The trial court entered specific findings agreeing with Smith on each asserted theory. Celebration now appeals.

### DISCUSSION AND DECISION
### Standard of Review

When reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any doubt as to any fact, or inference to be drawn therefrom, in favor of the party opposing summary judgment. *Henshilwood v. Hendricks County*, 653 N.E.2d 1062, 1065 (Ind.Ct.App.1995), *trans. denied.* Summary judgment is appropriate only if the designated evidentiary matter shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The party appealing from the grant of a motion for summary judgment has the burden of persuading the court on appeal that the trial court's grant was erroneous. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind. 1993).

We note that the trial court here entered specific findings. However, our standard of review is unchanged by the entry of findings of fact and conclusions thereon. *Chicago Southshore & South Bend R.R. v. Itel Rail Corp.*, 658 N.E.2d 624, 629 (Ind.Ct. App.1995). Specific findings and conclusions are not required in the summary judgment context, and although they offer valuable insight into the trial court's rationale for its judgment and facilitate our review, they are not binding on this Court. *Trout v. Buie*, 653 N.E.2d 1002, 1005 (Ind.Ct.App.1995), *trans. denied.*

### Tort Claims Act

Celebration contends that summary judgment based upon its failure to provide timely notice under the Indiana Tort Claims Act is inappropriate. We agree.

Pursuant to the Indiana Tort Claims Act, Indiana Code § 34-4-16.5-1 through 34-4-16.5-22 (the "Act"), governmental entities are subject to liability for torts committed by their agencies or employees unless one of the immunity provisions of the Act applies. *Scott v. City of Seymour*, 659 N.E.2d 585, 588 (Ind.Ct.App.1995). However, a tort

---

1. That section provides in relevant part as follows:

   (a) [A] claim against a political subdivision is barred unless notice is filed with:
   (1) the governing body of that political subdivision; and

   (2) the Indiana political subdivision risk management commission created under IC 27-1-29;
   within one hundred eighty (180) days after the loss occurs.

2. The parties do not dispute that Celebration's notice was untimely.

claim against a political subdivision is barred unless notice is filed with "the governing body of that political subdivision ... within One Hundred Eighty (180) days after the loss occurs...." IND.CODE § 34–4–16.5–7.

◼ Here, Celebration filed its defamation suit against Smith and not against his employer, the City of Plymouth. The notice requirement of the Act applies not only to suits against political subdivisions but also to suits against employees of political subdivisions. *VanValkenburg v. Warner*, 602 N.E.2d 1046, 1048 (Ind.Ct.App.1992), *trans. denied.* Of course, governmental employment, standing alone, is insufficient to trigger the notice provision of the Act. *Id.* at 1049. Instead, where the plaintiff elects to sue only the employee, as Celebration elected here, notice is required only if the act or omission causing the plaintiff's loss is within the scope of the defendant's employment. *See id.* In other words, there must be a causal connection between the plaintiff's injury and the defendant's governmental employment before tort claim notice is required under the Act. *Id.*

◼ Celebration asserts that there is no causal connection between Celebration's alleged injury and Smith's employment as Fire Chief for the City of Plymouth. We agree with Celebration.

◼ Although we recognize that the question of causation in negligence cases is generally a question of fact and inappropriate for determination as a matter of law, we are not required to resolve the ultimate issue of causation in the underlying tort in order to determine the applicability of the Act and its notice provision. *Id.* We need only determine whether, as a matter of law, there is a causal connection between Celebration's alleged injury and Smith's employment status as Fire Chief. *See id.* As we noted in *VanValkenburg*, "an employee cannot be said to be acting within the scope of his employment, 'where the act is done on the employee's own initiative and not in the service of the employer.'" *Id.* (quoting *Shelby v. Truck & Bus Group Div. of GMC*, 533 N.E.2d 1296, 1298 (Ind.Ct.App.1989)).

In support of summary judgment and the dismissal of Celebration's claim, Smith argues that he was clearly acting in his official capacity when he visited Kendall's business. Smith makes much of the fact that Kendall admits in his deposition that Smith informed him that he was visiting the premises as the Fire Chief of Plymouth. The undisputed facts also indicate that Kendall's business is located within Smith's fire protection jurisdiction, and that Smith discussed with Kendall the necessity of a fire protection wall being constructed upon Celebration's arrival.

However, the proper inquiry is not in what capacity or for what purpose Smith visited Kendall's property, but rather whether there is a causal connection between Celebration's alleged *injury* and Smith's governmental employment. Smith's statements to Kendall calling Celebration "nomads" and a "scam," advising him to "make sure you get paid" and informing Kendall that Celebration "doesn't pay their bills" bear absolutely no relation to Smith's employment as the Fire Chief for the City of Plymouth. Thus, although we agree with Smith that his actual visit to Kendall's property was within the scope of his employment, there is no causal relationship between Celebration's alleged injuries and Smith's status as a public employee. Smith's statements were made on his own initiative and, because they are unrelated to fire protection, they were not made in service to his employer. We conclude, as a matter of law, that Smith's statements were made beyond the scope of his employment and, thus, the notice provision of the Act does not apply.

## Qualified Privilege

◼ Smith maintains that, even assuming that Smith was acting beyond the scope of his employment when he made the alleged defamatory statements to Kendall, the trial court's entry of summary judgment was appropriate pursuant to the doctrine of qualified privilege. The doctrine of qualified privilege protects "communications made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral or social, if made to a person having a corre-

sponding interest or duty." *Conwell v. Beatty,* 667 N.E.2d 768, 779 (Ind.Ct.App.1996) (quoting *Schrader v. Eli Lilly and Co.,* 639 N.E.2d 258, 262 (Ind.1994)). Absent a factual dispute, whether the qualified privilege protects a statement is a question of law. *Id.* In addition, even if the qualified privilege doctrine protects a statement, a statement may lose its privileged character if the defendant abuses the privilege. *Bals v. Verduzco,* 600 N.E.2d 1353, 1356 (Ind.1992). Such abuse occurs when: (1) the communicator was primarily motivated by ill will in making the statement; (2) there was excessive publication of the defamatory statements; or (3) the statement was made without belief or grounds for belief in its truth. *Id.*

■ The defendant has the burden to establish the existence of a privileged occasion for the publication by proof of a recognized public or private interest which would justify the utterance of the words. *Id.* (citing WILLIAM PROSSER, LAW OF TORTS § 115, at 796 (4th ed. 1971)). Once the existence of the privilege is established, the burden shifts to the plaintiff to prove that the defendant abused the privilege. *Id.* Unless only one conclusion can be drawn from the evidence, the determination of whether the privilege has been abused is a question for the jury. *Id.*

■ Based upon the evidence designated in the instant case, neither the question of the existence of the privilege nor the question of whether Smith abused the privilege may be resolved by summary judgment. In support of the existence of a qualified privilege, Smith designated only his own brief affidavit testimony which is insufficient to establish, as a matter of law, the existence of a qualified privilege. The minimal information provided in Smith's affidavit does not constitute "proof of a recognized public or private interest which would justify the utterance of the words." *Id.* Smith failed to establish, as a matter of law, that his statements to Kendall were protected by a qualified privilege.

Further, even if we were to assume that Smith met his burden to establish the existence of the privilege, conflicting inferences exist as to whether Smith's statements were primarily motivated by feelings of ill will toward Celebration, causing the statements to lose their privileged character. Evidence designated by Celebration indicates that Celebration had been in continuing disputes with Smith's employer, the City of Plymouth, over the operation of a fireworks store at its previous location. Record at 68. When Smith visited Kendall's business, Smith informed Kendall that Celebration was moving to Kendall's premises from its prior location because Celebration was prohibited from selling fireworks within city limits. Record at 44. Kendall testified that at the time Smith visited the premises and made the statements, Smith appeared "awfully upset" and "angry" with Kendall for agreeing to rent the business space to Celebration. Record at 44, 51–52, 55. Based upon the designated evidence, we conclude that conflicting inferences exist on the issue of whether Smith was primarily motivated by ill will toward Celebration when he made the alleged defamatory statements. We cannot say that the only conclusion that can be drawn from the evidence is that Smith did not abuse the privilege. Summary judgment on the basis of qualified privilege is inappropriate.

The trial court's summary judgment in favor of Smith is reversed.

STATON and ROBERTSON, JJ., concur.